IN THE MATTER OF THE FINAL JUDICIAL SETTLEMENT OF THE
ACCOUNTS OF JANE A. MAY AS EXECUTRIX ETC., OF VASHTI
. ACER, DECEASED.

*Surrogate — amendment by, of an order of reference, nunc pro tunc, so as to refer
the issues, and not simply to direct a report of the evidence.*

Where an order of reference made by a surrogate directs that a referee shall
take the evidence and report the same to the surrogate with his opinion thereon,
under which order all the parties, as well as the referee, proceed upon the
assumption that the order authorized the referee to hear and determine the
issues, and an appeal from the decree entered thereon is taken upon that
theory, the surrogate (having originally decided to make a reference of the
issues), is authorized to enter an order, *nunc pro tunc*, making the order of
reference to conform to his original intention.

APPEAL by Jane A. May, as the executrix, etc., of Vashti Acer,
deceased, from an order in the above-entitled proceeding, of the
21st day of March, 1889, duly entered in the office of the sur-
rogate of Monroe county, refusing to entertain an application made
by the said executrix to settle and sign the case and exceptions on
the appeal herein, or to pass upon requests to find, presented pur-
suant to section 2545 of the Code of Civil Procedure, and amending
an order of reference made on the 12th day of September, 1884,
which ordered that the hearing of the matters in controversy relat-
ing to the account of the executrix and the objections thereto be
referred to a referee, to take the testimony and proofs of the parties
in relation to the said matters and report the same to this court
with his opinion therein.

The proceeding was commenced by the filing in the office of the
surrogate of Monroe county in May, 1884, of a petition by George
Hodges, on behalf of Hattie Hodges, Dwella Hodges and Addie
Hodges, infants, and a citation was issued, directed to Jane A. May,
administratrix, etc., requiring her to show cause why she should not
render a final account as such executrix, and return an inventory of
the estate. The executrix filed her account, and, objections having
been filed thereto on behalf of certain persons interested therein, an
order of reference was made to a referee "to take the testimony
and proof of the parties in relation to said matter, and report the
same to this court with his opinion thereon." The referee made

his report, and, objections thereto having been filed by contestants, the matter was brought on before the surrogate and the report confirmed except as to the fourth conclusion of law, which was overruled.

*H. H. Woodward,* for the executrix, appellant.

*Ivan Powers,* for certain infants, respondents.

PER CURIAM:

The form of the order of reference was that the referee should take the evidence which should be adduced, and report the same to the surrogate, with his opinion thereon. The surrogate, however, intended, and did actually decide to make such order one for the hearing and determination of all questions arising upon such accounts. The parties, as well as the referee, have proceeded throughout, down to the time that this application was made, on the assumption that the referee, under the order, had the power to hear and determine the issues. The notice of appeal from the decree was made on that hypothesis, and as though it was an attempt only to review the decision of the referee after confirmation of his report by the surrogate. Indeed, the appellant's attorney had procured a settlement of the case on appeal by the referee, in accordance with the proper practice in cases of a reference of the whole of the issues. (Code, § 2546.) Under these circumstances, the surrogate was justified in so changing the order of reference, *nunc pro tunc,* as to conform it to his original direction.

We are of the opinion, therefore, that the order appealed from should be affirmed, with ten dollars costs and disbursements.

The question sought to be brought into this appeal, pertaining to the surrogate's power to strike out the referee's fourth conclusion of law, can only be properly presented when the appeal from the decree itself comes up.

Present — BARKER, P. J.; DWIGHT and MACOMBER, JJ.

Order affirmed, with ten dollars costs and disbursements.